JOHN R. GIBSON, Circuit Judge,
concurring and dissenting.
I concur in -the result reached in part II of the court’s opinion today, but respectfully dissent from part III of the court’s opinion today and, because part IV is dependent upon part III, would not reach part IV.
In my view, the court today compounds the worst features of our earlier decision in Warner v. Independent School District No. 625, 134 F.3d 1333 (8th Cir.), cert. denied, — U.S. —, 119 S.Ct. 67, 142 L.Ed.2d 53 (1998). I dissented from Warner because in my view it improperly characterized Warner’s relief as grounded exclusively in state law based upon the court’s misapprehension of the reach of the Individuals with Disability Education Act, 20 U.S.C. §§ 1400-91o. Warner, however, differed in an important respect from the case now before us. Warner interpreted IDEA’S attorneys’ fees provision by analogy to 42 U.S.C. § 1988, which does not permit recovery of fees where the plaintiff *692 prevails only on pendent state law claims. Warner acknowledged an exception for cases in which the court grants relief on a pendent claim in order to avoid reaching a federal constitutional claim. 134 F.3d at 1337. Warner held that the exception did not apply in that case because the hearing review officer expressly rejected Warner’s IDEA claims before granting relief under state law.
The case before us is quite different. In the complaint, parents and child both alleged that Robert T. was a child with disability within the meaning of the IDEA. They sought relief under the IDEA and the Iowa Code, and prayed for reasonable attorneys’ fees in accordance with section 1415 of the IDEA, as well as reimbursement of costs incurred in obtaining the service of the full-time one-on-one classroom assistant for Robert. The state hearing officer rejected both IDEA and state law claims. The district court, however, pointed out that both the Marion Independent School District and Grant Wood Area Education Association were local educational agencies within the meaning of 20 U.S.C. § 1401(a)(8), and area education agencies within the meaning of the Iowa statute. It recited that Robert T.’s parents and the agencies prepared an individualized education program calling for a full-time, student-specific classroom assistant to aid with physical and communication needs. In ordering relief, the district court stated, “State law standards that impose a greater duty to educate handicapped children are enforceable under the IDEA, if those standards are not inconsistent with federal law.” In a footnote the district court cited numerous federal decisions supporting that proposition. The court concluded that the relevant state law standards were not inconsistent with federal requirements. Accordingly, it ordered a full-time, student-specific assistant to aid Robert T. with mobility and communication while he is enrolled at St. Joseph School and awarded costs and attorneys’ fees under 20 U.S.C. § 1415. In a later order setting the amount of attorneys’ fees, the court set out the language from 20 U.S.C. § 1415(e)(4)(B) (1994) authorizing fees “[i]n any action or proceeding brought under this subsection.” The court stated:
As noted in the court’s order of September 30, 1997, state law standards that impose a greater duty to educate handicapped children are enforceable under the IDEA, 20 U.S.C. § 1400 et seq. Plaintiffs brought this action under the IDEA to enforce those standards and prevailed. Defendants have come forward with no authority, nor persuasive reasoning, supporting their contention that plaintiffs are not entitled to fees. (Emphasis added.)
Thus, the court today improperly characterizes the action of the district court when it states: “[T]he district court chose not to consider Robert’s parents’ IDEA claim because it awarded them full relief based on Iowa law.” The court today overlooks the unquestioned legal principle that state law standards that impose a greater duty to educate handicapped children than the IDEA are nevertheless enforceable under the IDEA, if not inconsistent with federal law.
The court’s bifurcation of claims brought under Iowa law and those brought under the IDEA overlooks the interrelationship between the IDEA and the laws of the State of Iowa, as well as those of the other states receiving the federal assistance to state and local efforts to meet the educational needs of disabled children. The aid to states provided by IDEA is conditioned on state compliance with certain procedures and safeguards. 20 U.S.C. § 1412. The provision of funds for the educational needs of disabled children is accomplished by means of a complex and interrelated fabric woven by the IDEA and state statutory provisions. This interrelationship resulted in the passage of the Iowa statutes under which relief was granted.
The court today by its own terms makes clear what it states was implied in Warner, *693 that a party is not entitled to fees under the IDEA unless he prevails on the IDEA claim irrespective of success or failure of the merits of any related state law claim. This takes the case far beyond Warner, and compounds the failure to recognize the closely interrelated fabric created by the IDEA, its supporting regulations, and the provisions of state law.
Further, the analogy to section 1988 is less valid in this case than in Warner. In Warner the IDEA claim had been specifically rejected, but relief was granted under state law. In the case before us, the district court granted the relief, which it accurately characterized as relief under the IDEA, based upon state statutes imposing a greater duty not inconsistent with federal law. The court clearly recognized in its final order granting fees that the complaint was one under the IDEA. The specific statutory grant of authority to award fees in 20 U.S.C. § 1415(e)(4)(B) (1994), now codified at 20 U.S.C.A. § 1415(i)(3)(B) (West Supp.1998), provides for fees “[i]n any action or proceeding brought under this subsection.” The case before us was clearly brought under the subsection, so pleaded and so decided, and the court today errs in its rewriting of the record before us.
I would affirm the judgment of the district court. The court today must stretch Warner beyond its bounds to avoid this result, and I think it errs in doing so. Congress has clearly provided that fees should be awarded in cases brought under the IDEA; indeed, provision of these educational services for disabled children is in many cases dependent upon the efforts of counsel in obtaining what the law requires, as in this case. To unduly narrow the scope of the statute awarding fees in such cases not only contravenes Congressional intent, but will result in the denial of services to many disabled children who need them.